Rehearing granted, April 3, 2002

**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

JEFFREY DWAYNE ROGERS,
           *Petitioner-Appellant,*

v.

MARTIN MCDADE, Superintendent;
NORTH CAROLINA DEPARTMENT OF
CORRECTION,
           *Respondents-Appellees.*

No. 00-7823

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Graham C. Mullen, Chief District Judge.
(CA-96-15-4-MU)

Submitted: September 28, 2001

Decided: October 15, 2001

Before WIDENER, NIEMEYER, and LUTTIG, Circuit Judges.

Affirmed in part and vacated and remanded in part by unpublished
per curiam opinion.

## COUNSEL

Jeffrey Dwayne Rogers, Appellant Pro Se. Clarence Joe DelForge,
III, OFFICE OF THE ATTORNEY GENERAL OF NORTH CARO-
LINA, Raleigh, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Jeffrey Dwayne Rogers seeks to appeal the district court's order
granting summary judgment to Respondent and denying his petition
under 28 U.S.C. § 2254 (1994) (current version at 28 U.S.C.A. § 2254
(West 1994 & Supp. 2001)). In his petition, Rogers alleged that his
attorney failed to advise him of his right to appeal and failed to file
an appeal on his behalf. In determining this claim to be meritless, the
district court found presumptively correct the state post conviction
court's factual finding that counsel advised Rogers of his right to
appeal but Rogers declined to exercise it. The record discloses that the
post conviction court resolved the parties' conflicting accounts by
crediting counsel's affidavit without an evidentiary hearing.

We find that the district court should have conducted an evidenti-
ary hearing on this issue rather than defer to the state court's factual
findings because Rogers did not receive a full, fair, and adequate
hearing in the state court proceedings. *See* 28 U.S.C. § 2254(d)(6)
(1994); *see also Roe v. Flores-Ortega*, 528 U.S. 470 (2000). We
therefore vacate and remand in part for further proceedings with
regard to the issue of whether counsel advised Rogers of his right to
appeal. As to the remaining issues raised by Rogers, we find no error
by the district court and affirm. *Rogers v. McDade*, No. CA-96-15-4-
MU (W.D.N.C. filed Nov. 27, 2000; entered Nov. 30, 2000). We note
that the district court granted Rogers' request for a certificate of
appealability. However, such a certificate is not necessary because
this § 2254 petition was filed prior to the enactment of the Antiterro-
rism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132,
110 Stat. 1214. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997);
*Mueller v. Angelone*, 181 F.3d 557, 565-66 (4th Cir.), *cert. denied*,
527 U.S. 1065 (1999). To the extent it is necessary, we grant a certifi-
cate of probable cause. *See* 28 U.S.C. § 2253 (1994). We dispense
with oral argument because the facts and legal contentions are ade-

quately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART; VACATED AND REMANDED IN PART*